Michael A. Zimmerman, Esq.
Michael A. Zimmerman & Associates, PLLC
734 Walt Whitman Road, Suite 103
Melville, NY 11747
(631) 415-0900
Attorney for Plaintiff Maria E. Regalado

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
MARIA E. REGALADO,

          Plaintiff,

    - against -

KOHL'S DEPARTMENT STORES, INC,
KOHL'S ILLINOIS, INC., KOHL'S
CORPORATION, KOHL'S NEW YORK
D.C., INC., and JOHN DOE, being the individual
that detained the plaintiff,

          Defendant(s).
-----------------------------------------------------------X

**COMPLAINT**

JURY TRIAL DEMAND

Civil Action No. _____

Plaintiff, **MARIA E. REGALADO,** by and through her undersigned counsel, Michael A. Zimmerman & Associates, PLLC, hereby complains against the Defendants, **KOHL'S DEPARTMENT STORES, INC., KOHL'S ILLINOIS, INC., KOHL'S CORPORATION, KOHL'S NEW YORK D.C., INC.** and **JOHN DOE** as follows:

### PRELIMINARY STATEMENT

1. This is a personal injury and discrimination action, brought by Plaintiff, to recover damages where Plaintiff suffered emotional and psychological injuries after Defendants' knowingly accused Plaintiff of a crime she had not committed and unlawfully discriminated against her on the basis of her, ethnic origin, race and color of her skin. Defendant was wrongfully accused,

searched, detained and coerced into signing a confession under duress.

2. Plaintiff's severe mental anguish was caused by Defendants' intentional infliction of emotional stress. Defendants' liability is joint and several for Plaintiff's serious injuries caused by Defendants' reckless disregard for Plaintiff's safety, health and welfare and by Defendant's reckless disregard of federal and state laws prohibiting such discrimination and and treatment of persons.

3. Plaintiff now seeks relief in the form of compensatory damages for pain and suffering and severe emotional distress. Plaintiff further seeks punitive damages against Defendants and other relief to which the Plaintiff may be entitled.

## JURISDICATION AND VENUE

4. The jurisdiction of this Court is predicated upon 28 U.S.C. Sections 1331, 1343, 1983 and 1985 to redress the unlawful deprivation of Plaintiff rights, guaranteed and protected by federal law. This Court may exercise supplemental jurisdiction over Plaintiff's state law claims arising under the statutes and common law of the State of New York and which arise from a common nucleus of operative facts pursuant to 28 U.S.C Section 1367.

5. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. Section 1391, wherein Plaintiff resides.

## PARTIES

6. Plaintiff, **MARIA E. REGALADO** ("Regalado"), is a female resident of the United States of America and a resident of New York State, and resides at 34 E 22nd Street, Huntington Station, NY 11746.

7. Defendant **KOHL'S DEPARTMENT STORES, INC.** is a Delaware corporation licensed to do business in New York with its principal place of business located at N56 W17000 Ridgewood Drive, Menomonee Falls, WI 53051.

8. Defendant **KOHL'S ILLINOIS, INC.** is a Nevada corporation licensed to do business in New

York with its principle place of business located at N56 W17000 Ridgewood, Menomonee Falls, WI 53051.

9. Defendant **KOHL'S CORPORATION** is an Illinois corporation licensed to do business in New York with its principle of business located at N56 W17000 Ridgewood, Monomonee Falls, WI 53051.

10. Defendant **KOHL'S NEW YORK D.C., INC.** is a Nevada corporation licensed to do business in New York with its principle of business located at N56 W17000 Ridgewood, Monomee Falls, WI 53051.

11. Defendant **JOHN DOE,** a fictitious name for a security guard who detained plaintiff and was employed by or an agent of one or more of the above Defendant(s).

## STATEMENT OF FACTS

12. Plaintiff, **MARIA E. REGALADO,** at all times relevant hereto, is a Latino resident of the United States of America and a resident of the State of New York.

13. Upon information and belief, Plaintiff was at the Kohl's Department Store Located at 834A Walt Whitman Road, Melville, NY 11747 on March 21, 2013 to return some items that she had purchased a few days earlier and to buy dress shirts for boys who attended her local church.

14. Upon information and belief, plaintiff shopped while carrying all of her goods by hand without a shopping cart.

15. Upon information and belief, before paying for the items she had been carrying, Plaintiff went to the customer service counter to return the items she had bought a few days earlier. Plaintiff returned the unwanted items and purchased the new items that she had carried to said counter.

16. Upon information and belief, Plaintiff had purchased a total of $167.62 worth of goods from the Kohl's department store on March 21, 2013.

17. Plaintiff then noticed a cart sitting near the counter that appeared to be empty, she asked the customer service representative if she could take the cart and was told she could. She placed

the purchased items in the cart and left the store.

18. Upon information and belief, when Plaintiff was unloading the cart at her car, she saw that there were some items in an interior pocket of the cart that were not previously visible.

19. Upon information and belief, said items had been placed there by someone other than Plaintiff without Plaintiff's knowledge.

20. Upon information and belief, Defendant **JOHN DOE** was aware that someone other than Plaintiff had placed the items into the pocket and was aware that the items were there when the Plaintiff left the store with the cart.

21. Before Plaintiff could return to the store with the items and just after learning of their existence, Defendant **JOHN DOE**, who identified himself as a security officer approached her, accused her of taking the items without paying, he insisted she come back to the store, physically took her bags of purchased items from her possession, brought her into a room, closed the door, and went through all of her bags and her purse without her consent. As Plaintiff has difficulty with the English language, she could not effectively communicate to the security officer what had happened. She tried to explain that she had not seen the items in the pocket and had no knowledge of their presence in her cart. The security officer claimed not to believe her and insisted that she stole the items.

22. Upon information and belief, Defendant **JOHN DOE** physically and verbally intimidated the Plaintiff and made the Plaintiff believe that she was not free to leave. He did not speak Spanish and demanded that the Plaintiff ask another customer in the store to help interpret. While she was asking a customer, Defendant **JOHN DOE,** barked at Plaintiff "No, say 'Excuse Me Ma'am'" in a attempt to belittle and scrutinize her difficulty with English.

23. Upon Information and belief, Defendant **JOHN DOE** illegally and unreasonably searched Plaintiff's possessions. Defendant then continued to point to a security monitor, claiming that he watched and had the "entire thing" on tape, stating that he had seen Plaintiff knowingly steal

the items from the department store.

24. Upon Information and belief, Plaintiff asked the Defendant whether he would allow her to make a phone call, since she needed someone to pick up her daughter from her school bus stop since she was running late. He refused, and insisted that Plaintiff not make any phone calls while she was with him.

25. Upon information and belief, Defendant, **JOHN DOE**, handed papers to Plaintiff, telling her that it was a statement admitting to stealing from the store. He informed Plaintiff that if she refused to sign it, he would call the local police, and that they would handle it from there. Other than feeling threatened and fearful of Defendant **JOHN DOE**, Plaintiff's primary concern was that her daughter was not going to be picked up. Defendant **JOHN DOE** insisted he would let her go after she signed the papers.

26. Upon information and belief, said statement that was provided to Plaintiff was in Spanish; however, other than the fact that it stated that she was guilty of shoplifting, Plaintiff did not fully understand what she was signing, especially since there was no person provided to assist her by explaining it to her.

27. Scared of the Defendant **JOHN DOE**, the police and the time it would take to sort everything out, Plaintiff signed the statement.

28. Plaintiff was let go. She was scared, angry, stressed, depressed, humiliated and in all other ways traumatized.

29. Upon information and belief, Plaintiff then received a letter from the Offices of Michael Ira Asen, presumably a office that does collection for the Kohl's Corporation, stating that Under New York General Obligations Law Section 11-105, Kohl's has a civil claim against Plaintiff since she "intentionally deprived Kohl's of merchandise without paying for it" and that they were demanding that she pay $225.00 in satisfaction of such claim.

30. As a result of Defendant's wrongful and illegal accusation, detention, search of, humiliation and

discrimination, defamation of Plaintiff **MARIA E. REGALADO** has suffered the extreme emotional and psychological trauma caused by Defendants' reckless disregard of federal and state laws prohibiting such treatment of persons. The emotional trauma and psychological strain Plaintiff experienced continues to this day.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR NEGLIGENT INFLICTION OF EMOTIONAL HARM

31. Plaintiff repeats, reiterates and realleges each and every prior allegation contained in paragraph"1" through "30" with the same force and effect as if more fully set forth in length.

32. Upon information and belief and at all times hereinafter mentioned, Defendants **KOHL'S DEPARTMENT STORES, INC., KOHL'S ILLINOIS, INC., KOHL'S CORPORATION, KOHL'S NEW YORK D.C., INC.** held itself out as a private business providing retail products and services for public consumers and invited and still invites the general public to come into the department store for the sole purpose of purchasing retail products and services.

33. That as a result of the negligence of the Defendants', their agents, servants, and/or employees, Plaintiff was caused to sustain severe emotional harm and psychological and mental distress and anxiety and continue to suffer from same.

34. Defendants, their agents, servants, and/or employees detained plaintiff **MARIA E. REGALADO** as a shoplifter and accused her of shoplifting, when in fact the plaintiff had not committed any crime or wrongdoing; causing plaintiff to be displayed and therefore deemed as a criminal shoplifter at a retail store open for public consumers, caused further disclosure related to Defendants' attorney's letter demanding money, and caused a situation where the plaintiff were treated and therefore looked upon as a criminal offender.

35. The actions, negligence, and omissions of the Defendant, their agents, servants and/or employees evidenced a total disregard for the rights and feelings of the plaintiff **MARIA E.**

REGALADO.

WHEREFORE, the Plaintiff, **MARIA REGALADO**, prays for damages against the Defendant, **JOHN DOE**, individually and as agent of **KOHL'S DEPARTMENT STORES, INC., KOHL'S ILLINOIS, INC., KOHL'S CORPORATION, KOHL'S NEW YORK D.C., INC.** in a sum of money in excess of the jurisdictional amount of Seventy-Five Thousand Dollars ($ 75,000.00) plus her costs of this action and any other such other relief to be deemed just and equitable.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR DAMAGES FOR ASSAULT AND BATTERY

36. Plaintiff repeats, reiterates and realleges each and every prior allegation contained in paragraph "1" through "35" with the same force and effect as if more fully set forth in length.

37. Upon information and belief, the Defendants **KOHL'S DEPARTMENT STORES, INC., KOHL'S ILLINOIS, INC., KOHL'S CORPORATION, KOHL'S NEW YORK D.C., INC.**, employed private, security guards charged with the duties of helping to maintain order in the premises, preventing and dealing with criminal and/or improper behavior and of ejecting from the premises any person whose behavior therein was objectionable.

38. Upon information and belief, the security guard in question is referred to as Defendant **JOHN DOE**.

39. On or about the 21st day of March, 2013, the Plaintiff **MARIA E. REGALADO** was lawfully and properly in the department store of the Defendants **KOHL'S DEPARTMENT STORES, INC., KOHL'S ILLINOIS, INC., KOHL'S CORPORATION, KOHL'S NEW YORK D.C., INC.**, for the purpose of returning and purchasing certain retail products.

40. Subsequently, while Plaintiff was lawfully and properly at her car, **JOHN DOE**, willfully, wantonly, maliciously, and recklessly assaulted and battered plaintiff and physically grabbed Plaintiff's personal property from her possession and detained Plaintiff and her property in the security office and caused plaintiff to sustain injuries hereinafter alleged.

41. At the time of the Assault and Battery, the Defendant, **JOHN DOE**, acting as servant or employee of the Defendants, **KOHL'S DEPARTMENT STORES, INC., KOHL'S ILLINOIS, INC., KOHL'S CORPORATION, KOHL'S NEW YORK D.C., INC.**, was acting as defendants' agents in doing the acts complained of herein and within the scope of its authority.

WHEREFORE, the Plaintiff, **MARIA REGALADO**, prays for damages against the Defendant, **JOHN DOE**, individually and as agent of **KOHL'S DEPARTMENT STORES, INC., KOHL'S ILLINOIS, INC., KOHL'S CORPORATION, KOHL'S NEW YORK D.C., INC.** in a sum of money in excess of the jurisdictional amount of Seventy-Five Thousand Dollars ($ 75,000.00) plus her costs of this action and any other such other relief to be deemed just and equitable.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR FALSE ARREST AND IMPRISONMENT

42. Plaintiff repeats, reiterates and realleges each and every prior allegation contained in paragraph "1" through "41" with the same force and effect as if more fully set forth in length.

43. Upon information and belief, the Defendants, **KOHL'S DEPARTMENT STORES, INC., KOHL'S ILLINOIS, INC., KOHL'S CORPORATION, KOHL'S NEW YORK D.C., INC.** employed, maintained, and controlled the security guard, Defendant **JOHN DOE,** and all others hereinafter mentioned in this complaint.

44. That on March 22, 2013, plaintiff was arrested pursuant to the false and negligent beliefs of the security officer, Defendant **JOHN DOE**, who acted under the supervision and authority of Defendants **KOHL'S DEPARTMENT STORES, INC., KOHL'S ILLINOIS, INC., KOHL'S CORPORATION, KOHL'S NEW YORK D.C., INC.**.

45. That plaintiff was detained for an unreasonable and excessive duration of times without just cause.

46. That this arrest was made without authority of law.

47. That plaintiff was held in custody in the security office of the Defendant.

48. As a result of the false arrest and illegal imprisonment which the plaintiff suffered, plaintiff's health was impaired, plaintiff suffered great mental distress, her reputation and character was injured, all to the plaintiff's damage.

WHEREFORE, the Plaintiff, **MARIA REGALADO**, prays for damages against the Defendant, **JOHN DOE**, individually and as agent of **KOHL'S DEPARTMENT STORES, INC., KOHL'S ILLINOIS, INC., KOHL'S CORPORATION, KOHL'S NEW YORK D.C., INC.** in a sum of money in excess of the jurisdictional amount of Seventy-Five Thousand Dollars ($ 75,000.00) plus her costs of this action and any other such other relief to be deemed just and equitable.

## AS AND FOR A THIRD CAUSE OF ACTION FOR UNLAWFUL DETENTION

49. Plaintiff repeats, reiterates and realleges each and every prior allegation contained in paragraphs "1" through "48" with the same force and effect as if set forth here at length

50. Upon information and belief, that at all times hereinafter mentioned, on or about March 22, 2013, the security officer, Defendant **JOHN DOE**, under the authority of Defendants, **KOHL'S DEPARTMENT STORES, INC., KOHL'S ILLINOIS, INC., KOHL'S CORPORATION, KOHL'S NEW YORK D.C., INC.**, unlawfully detained plaintiff without legal cause.

51. Upon information and belief, the security officer, **JOHN DOE**, under the authority of Defendant, **KOHL'S DEPARTMENT STORES, INC., KOHL'S ILLINOIS, INC., KOHL'S CORPORATION, KOHL'S NEW YORK D.C., INC.**, failed to contact the appropriate law enforcement authorities.

52. Upon information and belief, the security officer, Defendant **JOHN DOE**, under the authority of Defendant, **KOHL'S DEPARTMENT STORES, INC., KOHL'S ILLINOIS, INC.,**

**KOHL'S CORPORATION, KOHL'S NEW YORK D.C., INC.**, under the force of threats and duress, prevented plaintiff from leaving the premises unless she signed a written waiver. WHEREFORE, the Plaintiff, **MARIA REGALADO**, prays for damages against the Defendant, **JOHN DOE**, individually and as agent of **KOHL'S DEPARTMENT STORES, INC., KOHL'S ILLINOIS, INC., KOHL'S CORPORATION, KOHL'S NEW YORK D.C., INC.** in a sum of money in excess of the jurisdictional amount of Seventy-Five Thousand Dollars ($ 75,000.00) plus her costs of this action and any other such other relief to be deemed just and equitable.

## AS AND FOR A FOURTH CAUSE OF ACTION

## FOR DEFAMATION

53. Plaintiff repeats, reiterates and realleges each and every prior allegation contained in paragraphs "1" through "52" with the same force and effect as if set forth here at length.

54. That at all times hereinafter mentioned plaintiff has always held a good reputation for honesty and uprightness in their dealings with the public and a good reputation and credit as professionals and otherwise.

55. That on or about March 21, 2013, a certain Kohl's Department Store, located at 834A Walt Whitman Road, Melville, in the county of Suffolk, State of New York, the security guard, Defendant **JOHN DOE**, in the presence of others persons maliciously spoke of and concerning the plaintiff, the words, "you were shoplifting".

56. That the works spoken were false and defamatory, was known to the Defendant to be false and defamatory, and were spoken willfully and maliciously with the intent to damage the plaintiff's good name, reputation and credit as being an honest and upright person.

57. That on or about April 4, 2013, Defendants **KOHL'S DEPARTMENT STORES, INC., KOHL'S ILLINOIS, INC., KOHL'S CORPORATION, KOHL'S NEW YORK D.C., INC.,** employed the services of The Law Offices of Michael Ira Asen, P.C. for the purpose of

obtaining penalty costs from plaintiff.

58. That in a letter addressed to plaintiff, the Law Offices of Michael Ira Asne, P.C. stated the words, "Please be advised that the Law Offices of Michael Ira Asen, P.C. is the counsel for Kohl's in this matter. On 03/21/2013, you were detained for a shoplifting incident at Kohl's. Under New York General Obligations Law Section 11-105, Kohl's has a civil claim against you because you intentionally deprived Kohl's of merchandise without paying for it" further, Defendant threatened the following words, "This claim is separate from, and in addition to, any criminal action arising from this incident...This letter is a demand that you pay $225.00 in satisfaction of this claim."

59. That solely by reason of the aforesaid and of the negligence of the Defendant, their agents, servants, and/or employees, plaintiff **MARIA E. REGALADO** suffered extreme emotional, psychological distress, anxiety and the medial and other costs related thereto.

WHEREFORE, the Plaintiff, **MARIA REGALADO**, prays for damages against the Defendant, **JOHN DOE**, individually and as agent of **KOHL'S DEPARTMENT STORES, INC., KOHL'S ILLINOIS, INC., KOHL'S CORPORATION, KOHL'S NEW YORK D.C., INC.** in a sum of money in excess of the jurisdictional amount of Seventy-Five Thousand Dollars ($ 75,000.00) plus her costs of this action and any other such other relief to be deemed just and equitable.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR NEGLIGENT HIRING

60. Plaintiff repeats, reiterates and realleges each and every prior allegation contained in paragraphs "1" through "59" with the same force and effect as if set forth here at length.

61. Upon information and belief and at all times hereinafter mentioned, Defendants **KOHL'S DEPARTMENT STORES, INC., KOHL'S ILLINOIS, INC., KOHL'S CORPORATION** and **KOHL'S NEW YORK D.C., INC.** employed Defendant, **JOHN DOE**, as a security guard

at their department store located at 834A Walt Whitman Road, Melville, in the county of Suffolk, State of New York.

62. Upon information and belief, the Defendants **KOHL'S DEPARTMENT STORES, INC., KOHL'S ILLINOIS, INC., KOHL'S CORPORATION** and **KOHL'S NEW YORK D.C., INC.**, employed, maintained, and controlled the security services and their employees, and all others in mentioned in this complaint.

63. That in violation to the New York State codes, rules and regulation concerning the procedures for hiring security personnel, the Defendants **KOHL'S DEPARTMENT STORES, INC., KOHL'S ILLINOIS, INC., KOHL'S CORPORATION** and **KOHL'S NEW YORK D.C., INC.**, negligently failed to properly hire, supervise, and train the Defendant, **JOHN DOE**, and its assistants.

64. That solely by reason of the aforesaid and of the negligence of the Defendants, their agens, servants, and/or employees, plaintiff **MARIA E. REGALADO** suffered extreme emotional, psychological and mental 45. distress, anxiety and the medial and other costs related thereto.

WHEREFORE, the Plaintiff, **MARIA REGALADO**, prays for damages against the Defendant, **JOHN DOE**, individually and as agent of **KOHL'S DEPARTMENT STORES, INC., KOHL'S ILLINOIS, INC., KOHL'S CORPORATION, KOHL'S NEW YORK D.C., INC.** in a sum of money in excess of the jurisdictional amount of Seventy-Five Thousand Dollars ($ 75,000.00) plus her costs of this action and any other such other relief to be deemed just and equitable.

## AS AND FOR A SIXTH CAUSE OF ACTION

## RACE AND ETHNIC ORIGIN DISCRIMINATION

65. Plaintiff repeats, reiterates and realleges each and every prior allegation contained in paragraphs "1" through "64" with the same force and effect as if set forth here at length.

66. The Defendants **KOHL'S DEPARTMENT STORES, INC., KOHL'S ILLINOIS, INC.,**

KOHL'S CORPORATION and KOHL'S NEW YORK D.C., INC., and the individual Defendant, JOHN DOE, in their individual capacities, were motivated by racial or ethnic animus and by the desire to injure, oppress, and intimidate plaintiff because of her race or ethnic origin.

67. The acts of these Defendants caused the plaintiff MARIA E. REGALADO not to receive the full and equal benefit of all laws created for the security of persons and property as are enjoyed by white citizens, not of Latin descent and/or heritage.

68. The acts of Defendants constitute a violation of the Civil Rights Act, 42 U.S.C. §1981, §1983 and §1985.

69. As a proximate result of the above-mentioned acts, plaintiff MARIA E. REGALADO has been damaged, including the violation of her civil rights, injury to her health, severe emotional distress, mental anguish, injury to her reputation, humiliation and embarrassment and a deprivation of her rights to equal protection of the laws and due process of the laws.

WHEREFORE, the Plaintiff, MARIA REGALADO, prays for damages against the Defendant, JOHN DOE, individually and as agent of KOHL'S DEPARTMENT STORES, INC., KOHL'S ILLINOIS, INC., KOHL'S CORPORATION, KOHL'S NEW YORK D.C., INC. in a sum of money in excess of the jurisdictional amount of Seventy-Five Thousand Dollars ($ 75,000.00) plus her costs of this action and any other such other relief to be deemed just and equitable.

## AD DAMNUM

WHEREFORE, the Plaintiff, MARIA REGALADO, prays for damages against the Defendant, JOHN DOE, individually and as agent of KOHL'S DEPARTMENT STORES, INC., KOHL'S ILLINOIS, INC., KOHL'S CORPORATION, KOHL'S NEW YORK D.C., INC. in a sum of money in excess of the jurisdictional amount of Seventy-Five Thousand Dollars ($ 75,000.00) plus her costs of this action and any other such other relief to be deemed just and equitable.

## DEMAND FOR JURY TRIAL

Under Fed. R. Civ. P. 38(b), the Plaintiffs demand a jury trial of all issues.

## CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other action pending in any other Court, Arbitration or Administrative proceeding.

Dated: October 4, 2013

*Michael A. Zimmerman & Associates, PLLC*

By: Michael A. Zimmerman, Esq.
Attorneys for Plaintiff MARIA E. REGALADO
734 Walt Whitman Road, Suite 103
Melville, NY 11747
(631) 415-0900