```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MARIA E. REGALADO,

                Plaintiff,            MEMORANDUM & ORDER
                                      13-CV-5624(JS)(AKT)
        -against-

KOHL'S DEPARTMENT STORES, INC.
KOHL'S ILLINOIS, INC., KOHL'S
CORPORATION, KOHL'S NEW YORK
D.C., INC., and SEAN MCALONEY,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     Michael A. Zimmerman, Esq.
                   Zimmerman Law PLLC
                   734 Walt Whitman Road, Suite 103
                   Melville, NY 11747

For Defendants:    Steven F. Goldstein, Esq.
                   Gina M. Arnedos, Esq.
                   Steven F. Goldstein, LLP
                   One Old Country Road, Suite 318
                   Carle Place, NY 11514
```

SEYBERT, District Judge:

      Before the Court is a motion to substitute a deceased party filed by Erbin Regalado, Administrator of the Estate of Maria Regalado.[1] (Mot., Docket Entry 33.) Mr. Regalado requests that he be substituted as plaintiff in this action in the place of his

---

[1] Mr. Regalado has filed a Certificate of Voluntary Administration authorizing him to act as Voluntary Administrator of the Estate of "Marie" Regalado. (Docket Entry 33-1.) The Court assumes that the Certificate of Voluntary Administration contains an inadvertent typographical error and, in the absence of any objections from Defendants, accepts Mr. Regalado's documentation of his appointment as Administrator of his wife's estate.

wife, Maria Regalado ("Plaintiff"), who passed away on February 22, 2015. (Mot. at 1.) Defendants Kohl's Department Stores, Inc., Kohl's Illinois, Inc., Kohl's Corporation, Kohl's New York D.C. Inc., and Sean Mcaloney (collectively, "Defendants") have not opposed Mr. Regalado's motion. Mr. Regalado alleges that he seeks to be substituted "for purposes of completing the settlement reached on behalf of the estate of his deceased wife Maria Regalado." (Mot. at 2.) For the reasons set forth below, Mr. Regalado's motion is GRANTED.

Federal Rule of Civil Procedure 25(a) provides that a deceased party's successor or representative may file a motion for substitution where the party dies and her claims are not extinguished. F<small>ED</small>. R. C<small>IV</small>. P. 25(a)(1). In determining a motion to substitute pursuant to Rule 25(a)(1), the Court should consider: (1) the timeliness of the motion; (2) whether the subject claims survive the death of the decedent; and (3) whether the party to be substituted is a proper party. <u>Badalamenti v. Country Imported Car Corp.</u>, No. 10-CV-4993, 2012 WL 6061639, at *9 (E.D.N.Y. Dec. 5, 2012).

<u>First</u>, the Court considers Mr. Regalado's motion to be timely. Rule 25(a) provides that motions for substitution must be filed within ninety days of the service of a statement noting the death. F<small>ED</small>. R. C<small>IV</small>. P. 25(a)(1). However, "[t]he Court is authorized to extend the time in which to file a motion for

2

substitution before or after the expiration of the ninety-day period pursuant to Fed. R. Civ. P. 6(b)." Kernisant v. City of N.Y., 225 F.R.D. 422, 427 (E.D.N.Y. 2005). Although Defendants' letter dated September 8, 2015 alleges that Plaintiff's counsel advised Defendants of Plaintiff's death on or about May 11, 2015, Defendants have not filed any objection to Plaintiff's motion. (See Docket Entry 31.) Accordingly, the Court, in its discretion, deems Mr. Regalado's motion timely.

Second, Plaintiff's Amended Complaint--which asserts causes of action pursuant to 42 U.S.C. §§ 1981, 1982, and 1983 and state law claims under the New York State Human Rights Law and for defamation, assault and battery, intentional infliction of emotional distress, negligent hiring, training, and supervision, and false arrest and imprisonment--sets forth claims of "injury to person or property"; accordingly, Plaintiff's claims survive her death. (Am. Compl., Docket Entry 16.) See Barrett v. U.S., 689 F.2d 324, 331 (2d Cir. 1982) (A party's federal claims will survive his death where "applicable state law creates a right of survival."); N.Y. ESTATES, POWERS AND TRUSTS LAW § 11-3.2(b) ("No cause of action for injury to person or property is lost because of the death of the person in whose favor the cause of action existed."). See also Barrett, 689 F.2d at 331 (holding that under New York law, plaintiff's civil rights claim survived his death); Moore v. Washington, 34 A.D.2d 903, 904 (1st Dep't 1970) ("An action in

3

libel and slander does not abate on the death of the plaintiff, except insofar as punitive damages are sought.")

Third, Mr. Regalado is a proper party based on his designation as the Administrator of Plaintiff's estate. Roe v. City of N.Y., No. 00-CV-9062, 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003) (A "proper party" for substitution pursuant to Rule 25(a)(1) must be either: (1) the deceased party's successor, or (2) the deceased party's representative who is "lawfully designated by state authority to represent the deceased's estate.") (internal quotation marks and citations omitted).

CONCLUSION

For the forgoing reasons, Mr. Regalado's motion to substitute as the plaintiff in this action in his capacity as the Administrator of the Estate of Maria Regalado (Docket Entry 33) is GRANTED. The Clerk of the Court is directed to amend the caption so that Plaintiff is listed as "ERBIN REGALADO, as personal representative of the Estate of MARIA REGALADO."

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   December   8  , 2015
         Central Islip, New York

4